**In re Colbert M. CHISOLM and Elizabeth K. Chisolm, Debtors.**

**Bankruptcy No. 90–10643–8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 30, 1993.

·Richard C. Prosser, Tampa, FL, for debtor.

Mark D. Hildreth and Steven J. Chase, Sarasota, FL, for Waterford South, Inc.

Robin S. Trupp, Tampa, FL, for First National Bank of Venice.

### ORDER ON MOTIONS FOR REHEARING

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a confirmed Chapter 11 case and the matters under consideration are two Motions. One is the Debtors' Motion for Rehearing to Reconsider, Alter, Amend or Clarify Order on Motion to Vacate Order Granting Debtors' Motion to Modify Confirmed Plan. The other is the Motion of Waterford South, Inc., to Amend Order on Motion to Vacate Order Granting Debtors' Motion to Modify Confirmed Plan. A procedural background which is relevant to both motions is important and is as follows:

On December 6, 1990, the Debtors filed their Plan of Reorganization. The Original Plan of Reorganization filed on December 6, 1990, did not specify the method to execute the Plan except stated that the Debtors will fund their Chapter 11 Plan from the continued operation of their business. On March 19, 1991, the Debtors filed their first Amendment to the Plan of Reorganization which merely dealt with the treatment of a claim of First National Bank of Venice (Bank), an entity which held the first mortgage on the Mitchell Tract B property involved in this controversy. The Plan was further amended on July 18, 1991. This Amendment dealt with the interest of Shipps and Marquette, a judgment creditor of the Debtors. None of the Plans filed by the Debtors expressly provided for the sale of the Mitchell Tract B property to any specific person.

On August 30, 1991, this Court entered an Order and confirmed the Plan of Reorganization as amended. The Order of Confirmation, while reciting the findings which are required for confirmation, is silent concerning the sale of the Mitchell Tract B property, albeit the Order recited in Subclause (b) on page 3 that at the time of the closing of the sale of Mitchell Tract B, but no later than December 31, 1991, the Debtors shall pay the net proceeds from closing after payment of closing costs and other items to Marquette and Shipps.

On March 19, 1991, or before the Plan as amended was confirmed, the Debtors filed a Motion and sought authority to sell the Mitchell Tract B to Waterford South, Inc. (Waterford South). On March 9, 1991, which was prior to the entry of the Order of Confirmation, this Court entered an Order which approved the Debtors' Motion to sell the Mitchell Tract B free and clear of liens. The Order was accompanied by Exhibit A which appears to be a copy of a sales contract of the Mitchell Tract B. There is nothing in the Order which granted the Motion to sell Mitchell Tract B which provided and fixed any date on or before which the sale should be closed.

On April 15, 1991, Gayle Marquette and C. Shipps filed an Objection to the proposed sale which was later withdrawn. On May 17, 1991, the First National Bank of Venice (Bank) filed a Motion for Rehearing directed to the Order approving the sale of Mitchell Tract B. On August 29, 1991, the day before the entry of the Order of Confirmation, this Court granted the Bank's Motion for Rehearing and vacated the initial order approving the sale. On the same date, this Court entered an Order approving the sale of Mitchell Tract B free and clear of liens. The Order is again silent as to any closing date. It was not until July 13, 1992, that the Debtor filed a Motion entitled Motion to Modify Confirmed Plan. The Motion merely recited that the linchpin of the Debtors' confirmed Plan was the sale of Mitchell Tract B and alleged that at the confirmation hearing the parties agreed that the sale would close no later than December 31, 1991.

There is no documentation in this record which substantiates the proposition that there was a binding contract by Waterford South to close on or before the date indicated. The Motion to Modify Confirmed Plan merely sought to substitute Wen Y. Chung as a purchaser of the Mitchell Tract B for the original intended purchaser, Waterford South. None of the essential terms of the Plan sought modification by the Motion. On August 11, 1992, this Court entered an Order and approved the sale of Mitchell Tract B free and clear of liens to Wen Y. Chung. On September 16, 1992, this court entered an Order granting the Debtors' Motion to Modify Confirmed Plan. On October 7, 1992, the Debtor filed an action for Motion for Entry of a Final Decree, Final Report and Accounting. On January 13, 1993, Waterford filed a Motion to Vacate the Order which granted the Debtors' Motion to Modify Confirmed Plan. On January 14th the Debtor filed a Response.

On July 8, 1993, this Court entered an Order granting the Motion to Vacate Order Granting Debtors' Motion to Modify Confirmed Plan and vacated the Order. On July 19, 1993, both of the Motions under consideration were filed. This is the procedural background of the two Motions under consideration.

■ First, concerning the Motion of Waterford South, this Court is satisfied that the Motion is well taken and should be granted. In the July 8, 1993, Order, this Court stated that it is undisputed that "the sale [of the Mitchell Tract property to Waterford] was to close on or before December 31, 1991.... The contract for the sale of the Mitchell Tract B property to Waterford never closed by the December 31, 1991, deadline." Upon reconsideration, this Court is satisfied that the statement in the July 8, 1993, Order was incorrect because there is nothing in this record which would justify the finding that either the Plan or the Order Confirming the Plan provided for a firm binding closing date for the sale of Mitchell Tract B to Waterford. Accordingly, it is appropriate to amend the July 8, 1993, Order and delete any reference to the closing date.

■ This leaves for consideration the Motion filed by the Debtor. The Debtors, in their Motion seek an Order to Alter, Amend or Clarify a previous Order by this Court which vacated the Order which originally granted the Debtors' Motion to Modify a Confirmed Plan of Reorganization. Particularly, it is the Debtors' contention that pursuant to § 1127(a) they are entitled to modify the confirmed plan because, it is without dispute that the Plan has not been substantially consummated.

Even a cursory analysis of this contention fails to support this proposition. This is because even if the Motion granted may have been couched in the language of modifying a confirmed plan, the so-called modification did nothing more than substitute one buyer, Wen Y. Chung, for another buyer, Waterford. None of the terms of the confirmed plan have been changed. On the contrary, the most important provision of the Plan, i.e., the treatment of the Bank and Shipps and Marquette claims remained unchanged, and neither the Plan nor the Order Confirming the Plan determined who, if anyone, will buy the Mitchell Tract B property.

The foregoing leaves no doubt that the Order of July 8, 1993, which vacated the Order Granting Motion to Modify the Confirmed Plan was correct and should be reaffirmed.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtors' Motion for Rehearing to Reconsider, Alter, Amend or Clarify Order on Motion to Vacate Order Granting Debtors' Motion to Modify Confirmed Plan be, and the same is hereby, denied and the Order entered on July 8, 1993, be, and the same is hereby, reaffirmed.

ORDERED, ADJUDGED AND DECREED that Motion to Vacate Order Granting Motion to Modify Confirmed Plan filed by Waterford South, Inc. be, and is hereby, granted and the Order Granting Motion to Modify Confirmed Plan is vacated.

DONE AND ORDERED.